# TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................................1

II. STATEMENT OF FACTS ....................................................................................................1

III. STANDARD OF REVIEW ...................................................................................................2

IV. PLAINTIFF FAILS TO STATE A CLAIM FOR PROMISSORY ESTOPPEL .......................3

   A. The Purported Oral Agreement Is Unenforceable. ...........................................................3

   B. Plaintiff Fails To Allege Justifiable Reliance ...................................................................4

V. PLAINTIFF FAILS TO STATE A CLAIM FOR FRAUD ...................................................5

   A. Plaintiff Fails To Allege a False Representation. .............................................................6

   B. Plaintiff Fails To Allege Other Specifics. ........................................................................6

   C. Plaintiff Fails To Allege Intent To Defraud. ....................................................................6

   D. Plaintiff Fails To Allege Justifiable Reliance. .................................................................6

VI. PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF COVENANT OF GOOD FAITH & FAIR DEALING ...................................................................................................7

VII. PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF BUSINESS AND PROFESSIONS CODE §17200 ............................................................................................8

VIII. PLAINTIFF FAILS TO STATE A CLAIM FOR NEGLIGENCE .......................................9

IX. PLAINTIFF FAILS TO STATE A CLAIM FOR QUIET TITLE .......................................10

X. CONCLUSION ...................................................................................................................11



# TABLE OF AUTHORITIES

**Cases**

Abdallah v. United Savings Bank
  (1996) 43 Cal.App.4th 1101, 1109 ................................................................................. 16

Aceves v. U.S. Bank N.A.
  (2011) 192 Cal.App.4th 218 ..................................................................................... 7, 10

Applied Equipment Corp. v. Litton Saudi Arabia Ltd.
  (1994) 7 Cal.4th 503, 516 ............................................................................................. 14

Arnolds Management Corp. v. Eischen
  (1984) 158 Cal.App.3d 575, 578 .................................................................................. 16

Balistreri v. Pacifica Police Dept.
  901 F.2d 696, 699 (9th Cir. 1990) ................................................................................. 8

Bell Atlantic Corp. v. Twombly
  550 U.S. 544, 555 (2007) ............................................................................................ 8, 9

Buckland v. Threshold Enterprises, Ltd.
  (2007) 155 Cal.App.4th 798 ...................................................................................... 7, 11

Cates Construction, Inc. v. Talbot Partners
  (1999) 21 Cal.4th 28, 61 ............................................................................................... 14

Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.
  (1999) 20 Cal.4th 163, 181 ........................................................................................... 14

DiPirro v. American Isuzu Motors, Inc.
  (2004) 119 Cal.App.4th 966 ......................................................................................... 14

Dooms v. Federal Home Loan Mortg. Corp.
  (E.D. Cal., Mar. 31, 2011) 2011 WL 1232989 at *9 .................................................... 13

Foley v. Interactive Data Corp.
  (1988) 47 Cal.3d 654, 692–693 .................................................................................... 13

FPCI Re-Hab 01 v. E & G Investments, Ltd.
  (1989) 207 Cal.App.3d 1018, 1022 .............................................................................. 16

Garcia v. World Savings
  FSB (2010) 183 Cal.App.4th 1031 ....................................................................... 7, 9, 10

Hills Trans Co. v. Southwest
  (1968) 266 Cal.App.2d 702, 707 .................................................................................. 11

Karlsen v. American Savings & Loan Association
  (1971) 15 Cal.App.3d 112, 117, 92 Cal.Rptr. 851 ........................................... 9, 10, 16, 17

Khoury v. Maly's of CA, Inc.
  (1993) 14 Cal.App.4th 612, 619 ................................................................................... 15

Kransco v. American Empire Surplus Lines Ins. Co.
  (2000) 23 Cal.4th 390, 400 ........................................................................................... 13

Ladd v. County of San Mateo
  (1996) 12 Cal.4th 913, 917-918 ................................................................................15

Lesperance v. North American Aviation, Inc.
  (1963) 217 Cal.App.2d 336, 344 ..............................................................................11

Nguyen v. Calhoun
  (2003) 105 Cal.App.4th 428, 439 .............................................................................17

Northstar International v. Arizona Corp. Commission
  720 F.2d 578, 583 (9th Cir. 1983) ..............................................................................9

Nymark v. Heart Fed. Savings & Loan Assn.
  (1998) 231 Cal.App.3d 1089 ................................................................................7, 15

Onofrio v. Rice
  (1997) 55 Cal.App.4th 413, 424 ...............................................................................16

Osei v. GMAC Mortg
  2010 WL 2557485, at *4 (E.D. Cal. June 21, 2010) ................................................15

Pasadena Live v. City of Pasadena
  (2004) 114 Cal.App.4th 1089 ..............................................................................7, 13

Paz v. State of California
  (2000) 22 Cal.4th 550, 559 .......................................................................................15

Racine & Laramie, Ltd. v. Department of Parks & Recreation
  (1992) 11 Cal.App.4th 1026, 1031 ...........................................................................13

Richards v. Harper
  864 F.2d 85, 88 (9th Cir. 1988) ..................................................................................9

Rothschild v. Tyco Internat'l (US), Inc.
  (2000) 83 Cal.App.4th 488, 493-494 ........................................................................14

Secrest v. Security Nat. Mortg. Loan Trust 2002-2
  (2008) 167 Cal.App.4th 544 .....................................................................................11

Sharon P. v. Arman, Ltd.
  (1992) 21 Cal.4th 1181, 1188 ...................................................................................15

Shuster v. BAC Home Loans Servicing, LP,
  (2012) 211 Cal.App.4th 505 .................................................................................7, 16

Stafford v. Clinard
  87 Cal.App.2d 480, 481 [197 P.2d 84] .....................................................................10

Stansfield v. Starkey
  (1990) 220 Cal.App.3d 59, 73 ..................................................................................11

Tarmann v. State Farm Mutual Auto Ins. Co.
  (1991) 2 Cal.App.4th 153, 157 .................................................................................12

Textron Financial Corp. v. National Union Fire Ins. Co. of Pittsburgh
  (2004) 118 Cal.App.4th 1061 ..............................................................................14, 15

Wagner v. Benson
   (1980) 101 Cal.App.3d 27, 35 ............................................................................................. 15

Wilhelm v. Pray, Price, Williams & Russell (1986) 186 Cal.App.3d 1324, 1331 ...................... 11

Youngman v. Nev. Irrigation Dist.
   (1969) 70 Cal.2d 240, 74 ................................................................................................... 10

**Statutes**

Business and Professions Code
   §17200 .................................................................................................................................. 14

Civil Code
   § 1698 ..................................................................................................................................... 9

Federal Rules of Civil Procedure
   Rule 12(b)(6) ........................................................................................................................... 8

**Other Authorities**

4 Miller & Starr, Cal. Real Estate (2d ed. 1989) ......................................................................... 16

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Salma H. Khan ("Plaintiff") filed a Complaint against Defendants CitiMortgage, Inc. ("CMI") and Wilmington Trust Company As Trustee For Structured Asset Securities Mortgage Pass-Through Certificates Series 2003-18XS ("Wilmington") for: (1) promissory estoppel, (2) fraud, (3) breach of the implied covenant of good faith and fair dealing, (4) unfair business practices, (5) negligence, and (6) quiet title.

As discussed in further detail below, Plaintiff fails to allege sufficient facts to state any claim against Defendant. Specifically, an oral agreement to postpone a foreclosure sale is unenforceable. Garcia v. World Savings, FSB (2010) 183 Cal.App.4th 1031) Plaintiff fails to allege sufficient facts of justifiable reliance for the causes of action for promissory estoppel and fraud. (Aceves v. U.S. Bank N.A. (2011) 192 Cal.App.4th 218, Buckland v. Threshold Enterprises, Ltd. (2007) 155 Cal.App.4th 798) Plaintiff fails to allege sufficient facts that CMI interfered with Plaintiff's contractual rights for the breach of the implied covenant of good faith and fair dealing. (Pasadena Live v. City of Pasadena (2004) 114 Cal.App.4th 1089) CMI does not owe Plaintiff a duty as a matter of law to support a cause of action for negligence. (Nymark v. Heart Fed. Savings & Loan Assn. (1998) 231 Cal.App.3d 1089) Plaintiff fails to allege sufficient facts of a tender to support a cause of action for quiet title. (Shuster v. BAC Home Loans Servicing, LP, (2012) 211 Cal.App.4th 505)

## II. STATEMENT OF FACTS

The Complaint alleges that Plaintiff was the former owner of certain real property located at 11622 Harrington Street, Bakersfield, CA ("Subject Property"). (Complaint ¶ 1)

The Complaint alleges that Plaintiff obtained a loan for $648,500 from Golden Empire Mortgage on January 13, 203. (Complaint ¶ 2) The promissory note was secured by a Deed of Trust against the Subject Property. (Complaint ¶ 2) The loan was subsequently transferred, sold and assigned to CMI and then to Wilmington. (Complaint ¶¶ 5, 6)

The Complaint alleges that in September of 2009 Plaintiff defaulted in her payment on

the loans. (Complaint ¶ 9) A Notice of Default was subsequently recorded against the Subject Property on March 8, 2010. (Complaint ¶ 12) A Notice of Sale was subsequently recorded against the Subject Property on June 9, 2010 setting a foreclosure sale for June 30, 2010. (Complaint ¶ 13)

Plaintiff further alleges that CMI verbally agreed to postpone the foreclosure sale. (Complaint ¶¶ 10 - 21) Plaintiff admits that the sale was, in fact, postponed. (Complaint ¶ 14)

Plaintiff alleges that for three years (September 2009 through May of 2012) she attempted to negotiate a loan modification with Defendants and submitted multiple loan modification applications.[1] (Complaint ¶¶ 10, 22, 23) However, Plaintiff admits that her loan applications were denied on several occasions. (Complaint ¶ 18)

The Complaint alleges that CMI eventually foreclosed against the Subject Property on May 15, 2012 after three years of loan modification applications and after multiple denials of Plaintiff's applications. (Complaint ¶¶ 10, 16, 18, 23)

### III. STANDARD OF REVIEW

Rule 12(b)(6) states that a party may assert a defense to a complaint based on the Plaintiff's failure to state a claim upon which relief can be granted. (F.R.C.P. 12(b)(6)) A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claim or claims stated in the complaint. (Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)) As such, the court must decide whether the facts alleged, if true, would entitle Plaintiff to some form of legal remedy. (Id.)

Therefore, a Rule 12(b)(6) motion is proper where there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. (Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990); see also Robertson v. Dean Witter Reynolds, Co., 749 F.2d 530, 534 (9th Cir. 1984))

In ruling on a Rule 12(b)(6) motion, the court must construe the complaint in the light

---

[1] Plaintiff characterizes it as a "three year ordeal of negligence and misrepresentation." (Complaint ¶¶ 11, 21, 33)

most favorable to the plaintiff, accept all well-pleaded allegations as true, and determine whether those allegations, if proved, establish a valid claim for relief. (See Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998); see also Bell Atlantic Corp., supra, 550 U.S. 544 at 555) However, the plaintiff bears the burden of pleading facts sufficient to state a claim and the court will not supply a central element of a claim that a plaintiff did not plead. (Richards v. Harper, 864 F.2d 85, 88 (9th Cir. 1988))

A dismissal is also proper if a complaint is vague, conclusory, and fails to set forth material facts in support of its allegations. (Northstar International v. Arizona Corp. Commission, 720 F.2d 578, 583 (9th Cir. 1983).) This is so because it is "plaintiff's obligation to provide the grounds of her entitlement to relief which requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." (Bell Atlantic Corp., supra, 550 U.S. 544 at 555.)

"Under notice pleading in federal court, the complaint must 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" (Id.) A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." (Id.)

## IV.  PLAINTIFF FAILS TO STATE A CLAIM FOR PROMISSORY ESTOPPEL

Plaintiff's first claim seeks damages from Defendants based on CMI's purported verbal agreement to postpone the foreclosure sale.

### A.  The Purported Oral Agreement Is Unenforceable.

"As a general rule, a gratuitous oral promise to postpone a foreclosure sale or to allow a borrower to delay monthly mortgage payments is unenforceable." (Garcia v. World Savings, FSB (2010) 183 Cal.App.4th 1031, 1039) The court in Karlsen v. American Savings & Loan Association (1971) 15 Cal.App.3d 112, 117, 92 Cal.Rptr. 851 faced a similar argument and found as follows:

A contract in writing may not be altered by an executory oral agreement. (Civ. Code, § 1698.) "An agreement to postpone a valid sale of property beyond the date when said property may be sold under and according to the terms of the trust deed obviously is an agreement to alter the

terms of the instrument ... To hold otherwise would reduce a trust deed in any case to an unsubstantial if not worthless security." (*Stafford v. Clinard*, 87 Cal.App.2d 480, 481 [197 P.2d 84], hg. den.)

> As the court stated in Karlsen further stated:
>
> The alleged fifth extension was executory and the pleadings before us allege no consideration therefor and the record shows none was paid. **The purported oral agreement is unenforceable**. No damages can arise as a consequence of its alleged breach.

Based on the foregoing, the purported verbal agreement is unenforceable as a matter of law.

### B.   Plaintiff Fails To Allege Justifiable Reliance

Oral promises to postpone a foreclosure sale have, however, been relied upon as the basis for a promissory estoppel claim in the foreclosure context. ""The elements of a promissory estoppel claim are '(1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) [the] reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance.'" [Citation.]" (Aceves v. U.S. Bank N.A. (2011) 192 Cal.App.4th 218, 225)  Under promissory estoppel, "'a promisor is bound when he should reasonably expect a substantial change of position, either by act or forbearance, in reliance on his promise, if injustice can be avoided only by its enforcement.' [Citation.] "'The vital principle is that he who by his language or conduct leads another to do what he would not otherwise have done shall not subject such person to loss or injury by disappointing the expectations upon which he acted.'" [Citation.]" (Garcia, supra, 183 Cal.App.4th at p. 1041)

Moreover, in order to prove detrimental reliance, Plaintiff must have "substantial[ly] change[d] their position, either by act or forbearance, in reliance on the promise." (Youngman v. Nev. Irrigation Dist. (1969) 70 Cal.2d 240, 74)  California courts have found that mere allegations of payments made by borrowers are insufficient to show reliance on an oral forbearance agreement, and plaintiffs must show that they substantially changed their position

4

other ways in order to overcome a statute of frauds defense. (Secrest v. Security Nat. Mortg. Loan Trust 2002-2, (2008) 167 Cal.App.4th 544)

In the present matter, Plaintiff alleges in conclusory manner and without specific factual support that she relied on CMI purported statements concerning the postponement of the foreclosure sale. However, Plaintiff admits in her Complaint that CMI had either 'closed its file" or denied her loan modification on "several occasions." (Complaint ¶¶ 16, 18) Even assuming arguendo that CMI's conduct in denying the loan modification was somehow negligent or wrongful, Plaintiff had actual knowledge of CMI's foreclosure sale and CMI's denial of the applications prior to the May 15, 2012. Plaintiff had numerous opportunities to take whatever action she deemed necessary to avoid the foreclosure sale on May 15, 2012, but did not. Plaintiff's failure to reinstate the loan prior to the foreclosure sale after receiving multiple denials is, therefore, not reasonable or justifiable.

### V. PLAINTIFF FAILS TO STATE A CLAIM FOR FRAUD

Plaintiff seeks damages against defendants based on fraud based on CMI's purported verbal agreement to postpone the foreclosure sale. The essential elements of fraud are: (1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or "scienter"); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage. (Buckland v. Threshold Enterprises, Ltd. (2007) 155 Cal.App.4th 798, 807) However, fraud actions are subject to strict requirements of particularity in pleading because they are disfavored. (Lesperance v. North American Aviation, Inc. (1963) 217 Cal.App.2d 336, 344.) The reasoning underlying the strict pleading requirement is that "allegations of fraud involve a serious attack on character, and fairness to the defendant demands that he should receive the fullest possible details of the charge in order to prepare his defense. (Id.) Thus, every element of a fraud cause of action must be pled in full, factually and specifically. (Wilhelm v. Pray, Price, Williams & Russell (1986) 186 Cal.App.3d 1324, 1331.)

The particularity requirement necessitates pleading facts that "show how, when, where, to whom, and by what means the representations were tendered." (Stansfield v. Starkey (1990) 220 Cal.App.3d 59, 73, quoting Hills Trans Co. v. Southwest (1968) 266 Cal.App.2d 702, 707.)

Further, a fraud cause of action against a corporation must allege specific names of the persons who made the misrepresentation, their authority to speak for the corporation, to whom they spoke to, what they said or wrote, and when it was said or written. (Tarmann v. State Farm Mutual Auto Ins. Co. (1991) 2 Cal.App.4th 153, 157.)

### A.  Plaintiff Fails To Allege a False Representation.

The allegations in the Complaint reflect that CMI did, in fact, postpone the foreclosure sale. The Complaint specifically alleges that the Plaintiff's application for permanent modification was denied on several occasions and that the sale occurred after the denial of the applications. These allegations reflect that CMI did not make any false representations.

### B.  Plaintiff Fails To Allege Other Specifics.

The Complaint fails to allege the specific names of the persons who made the misrepresentation, their authority to speak for the corporation, to whom they spoke to, and when it was said or written. (Tarmann v. State Farm Mutual Auto Ins. Co. (1991) 2 Cal.App.4th 153, 157)

### C.  Plaintiff Fails To Allege Intent To Defraud.

The Complaint alleges that CMI foreclosed against the Subject Property on May 15, 2012 after three years of loan modification applications and after multiple denials of Plaintiff's applications. (Complaint ¶¶ 10, 16, 18, 23) These allegations do not show an intent to defraud Plaintiff. If CMI truly intended to defraud Plaintiff why would it allow her to reside in the Subject Property for three years without making a mortgage payment? If CMI intended to defraud Plaintiff why would it allow the loan modification process to take three years? If CMI intended to defraud Plaintiff why would it send her written denials of her loan modification applications?

### D.  Plaintiff Fails To Allege Justifiable Reliance.

As argued above, Plaintiff alleges in conclusory manner and without specific factual support that she relied on CMI purported statements concerning the postponement of the foreclosure sale. However, Plaintiff admits in her Complaint that CMI had either 'closed its file" or denied her loan modification on "several occasions." (Complaint ¶¶ 16, 18) Even

assuming arguendo that CMI's conduct in denying the loan modification was somehow negligent or wrongful, Plaintiff had actual knowledge of CMI's foreclosure sale and CMI's denial of the applications prior to the May 15, 2012.  Plaintiff had numerous opportunities to take whatever action she deemed necessary to avoid the foreclosure sale on May 15, 2012, but did not.  Plaintiff's failure to reinstate the loan prior to the foreclosure sale after receiving multiple denials is, therefore, not reasonable or justifiable.

## VI. PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF COVENANT OF GOOD FAITH & FAIR DEALING

Plaintiff alleges that Defendants breached the covenant of good faith. "There is an implied covenant of good faith and fair dealing in every contract that neither party will do anything which will injure the right of the other to receive the benefits of the agreement." (Kransco v. American Empire Surplus Lines Ins. Co., (2000) 23 Cal.4th 390, 400) "The implied covenant of good faith and fair dealing rests upon the existence of some specific contractual obligation." (Racine & Laramie, Ltd. v. Department of Parks & Recreation (1992) 11 Cal.App.4th 1026, 1031)

However, "the implied covenant of good faith and fair dealing is limited to assuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated by the contract.  The scope of conduct prohibited by the covenant of good faith is circumscribed by the purposes and express terms of the contract." (Dooms v. Federal Home Loan Mortg. Corp. (E.D. Cal., Mar. 31, 2011) 2011 WL 1232989 at *9) (internal citations omitted)

The implied covenant of good faith and fair dealing is a contractual relationship and does not give rise to an independent duty of care. Rather, "'[t]he implied covenant of good faith and fair dealing is limited to assuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated by the contract.'" ( Pasadena Live v. City of Pasadena (2004) 114 Cal.App.4th 1089, 1094) Outside of the insured-insurer relationship and others with similar qualities, breach of the implied covenant of good faith and fair dealing does not give rise to tort damages. (Foley v. Interactive Data Corp. (1988) 47 Cal.3d 654, 692–693;

Cates Construction, Inc. v. Talbot Partners (1999) 21 Cal.4th 28, 61, Applied Equipment Corp. v. Litton Saudi Arabia Ltd. (1994) 7 Cal.4th 503, 516)

In the present matter, there are no allegations that the loan requires CMI to agree to the modification. Moreover, CMI has a contractual right to foreclose under its Deed of Trust and Plaintiff, admittedly, was in default. As such, any argument that the covenant of good faith and fair dealing was breached based on CMI's conduct relating to the loan modification must fail.

## VII.  PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF BUSINESS AND PROFESSIONS CODE §17200

Plaintiff seeks restitution and injunctive relief against Defendants based for violation of Business and Professions Code §17200. California Business and Professions Code § 17200 prohibits unlawful, unfair or fraudulent business acts or practices and unfair, deceptive, untrue or misleading advertising. "Because Business and Professions Code section 17200 is written in the disjunctive, it establishes three varieties of unfair competition—acts or practices which are unlawful, or unfair, or fraudulent." (Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co. (1999) 20 Cal.4th 163, 181.) Although section 17200 "borrows from other laws, treating violations of those laws as unlawful practices independently actionable," it is axiomatic that there must be a violation of the predicate law in order to proceed on a section 17200 cause of action. (Rothschild v. Tyco Internat'l (US), Inc. (2000) 83 Cal.App.4th 488, 493-494.) In Rothschild, the court observed: "[i]t is clear that a plaintiff may not bring an action under the unfair competition law if some other statutory provision bars such an action or permits the underlying conduct. (Id. at 494.)

A claim pursuant to section 17200 is only as valid as the underlying allegations that relate to the "borrowed" causes of action. (DiPirro v. American Isuzu Motors, Inc. (2004) 119 Cal.App.4th 966.) Moreover, in Textron Financial Corp. v. National Union Fire Ins. Co. of Pittsburgh (2004) 118 Cal.App.4th 1061, the court observed that a claim pursuant to section 17200 cannot be founded solely on alleged violations of common law principles. Noting that California's Supreme Court had disapproved an "amorphous" definition of "unfair" practices in favor of legislatively declared public policy, the Textron court held that "reliance on general

common law principles to support a cause of action for unfair competition is unavailing." (Id. at p. 1072.) Thus, to be viable, unfair business practices claims under section 17200 "must be tethered to some legislatively declared public policy or proof of some actual or threatened impact on competition." (Id.) A claim under section 17200 must state with reasonable particularity the facts supporting the statutory elements of the violation. (Khoury v. Maly's of CA, Inc. (1993) 14 Cal.App.4th 612, 619.)

Moreover, an alleged violation of Califorina Business and Professions Code §§ 17200 cannot be based on common law principles. (Textron Financial Corp. v. National Union Fire Ins. Co. of Pittsburgh, *supra*, 118 Cal.App.4th at 1072.) Consequently, Plaintiff cannot state cause of action for violation of Business and Professions Code §§ 17200 because she fails to establish a predicate unlawful, unfair or fraudulent business practice herein above and below.

## VIII. PLAINTIFF FAILS TO STATE A CLAIM FOR NEGLIGENCE

Plaintiff's fifth claim seeks damages from Defendants based on CMI's purported negligence in evaluating her for a loan modification. The elements of a negligent cause of action are well established: 1) the existence of a duty; 2) breach of that duty; 3) causation; and 4) resulting damages. (Paz v. State of California (2000) 22 Cal.4th 550, 559; *Sharon P. v. Arman, Ltd.* (1992) 21 Cal.4th 1181, 1188.)

"Liability for negligent conduct may only be imposed where there is a duty of care owed by the defendant to the plaintiff." (Ladd v. County of San Mateo (1996) 12 Cal.4th 913, 917-918) California courts have stated that "as a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." (Nymark v. Heart Fed. Savings & Loan Assn. (1998) 231 Cal.App.3d 1089; *see also* Wagner v. Benson (1980) 101 Cal.App.3d 27, 35.) In addition, "loan servicers do not owe a duty to the borrowers of the loans they service." (Osei v. GMAC Mortg. 2010 WL 2557485, at *4 (E.D. Cal. June 21, 2010) [quotations and citations omitted].) "Liability to a borrower for negligence arises only when the lender 'actively participates' in the financed enterprise 'beyond the domain of the usual money lender.'" (Nymark v. Heart Fed. Savings & Loan Assn. (1998) 231 Cal.App.3d 1089, 1096.)

9
MEMORANDUM OF POINTS AND AUTHORITIES

In the present action, Plaintiff alleges that CMI owed her a duty of care in reviewing her loan modification application to help her avoid foreclosure. However, Plaintiff's mere desire to obtain a loan modification cannot serve as a basis to or support a cause of negligence. Plaintiff does not and cannot establish the threshold requirement of a duty as a matter of law. Even if CMI owed Plaintiff a duty beyond its role as a mere lender of money, Plaintiff does not allege sufficient facts to show a breach of that duty by the numerous denials of her loan modifications.

### IX. PLAINTIFF FAILS TO STATE A CLAIM FOR QUIET TITLE

Plaintiff seeks to quiet title to the Subject Property. However, since Plaintiff is a mortgagor seeking to quiet title against his mortgagee, her claim to quiet title must include an additional "tender" allegation – a mortgagor cannot quiet title against the mortgagee without paying the debt secured. (See 4 Miller & Starr, Cal. Real Estate (2d ed. 1989) § 9:154 at 507-508; "As a general rule, a debtor cannot set aside the foreclosure based on irregularities in the sale without also alleging tender of the amount of the secured debt. [Citations.]" (Shuster v. BAC Home Loans Servicing, LP, (2012) 211 Cal.App.4th 505, 512; Onofrio v. Rice (1997) 55 Cal.App.4th 413, 424 ["'Without an allegation of such a tender in the complaint that attacks the validity of the sale, the complaint does not state a cause of action'"]; Abdallah v. United Savings Bank (1996) 43 Cal.App.4th 1101, 1109 [sustaining demurrer because "appellants are required to allege tender of the amount of United's secured indebtedness in order to maintain any cause of action for irregularity in the sale procedure"]; Arnolds Management Corp. v. Eischen (1984) 158 Cal.App.3d 575, 578 ["an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security"]; Karlsen v. American Sav. & Loan Assn. (1971) 15 Cal.App.3d 112, 117 ["A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust"].) "The rationale behind the rule is that if [the borrower] could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the [borrower]." (FPCI Re-Hab 01 v. E & G Investments, Ltd. (1989) 207 Cal.App.3d 1018, 1022.)

///

The tender rule is strictly enforced. (Nguyen v. Calhoun (2003) 105 Cal.App.4th 428, 439.) "In other words, with respect to tender, 'it is a debtor's responsibility to make an unambiguous tender of the entire amount due or else suffer the consequence that the tender is of no effect.' [Citation.]" (Ibid.) Absent an alleged and actual tender, a complaint seeking to set aside foreclosure proceedings fails to state a viable cause of action. (Karlsen v. American Sav. & Loan Assn., supra, 15 Cal.App.3d at p. 117)

## X. CONCLUSION

In conclusion, Defendants respectfully requests that the Court grant their Motion to Dismiss Plaintiff's Complaint without leave to amend.

DATED: September 3, 2013         WOLFE & WYMAN LLP


By:  /s/ Kelly Andrew Beall
KELLY ANDREW BEALL
Attorneys for Defendants,
**CITIMORTGAGE, INC. and WILMINGTON TRUST COMPANY AS TRUSTEE FOR STRUCTURED ASSET SECURITIES MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2003-18XS**