# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALMA H. KHAN; | Case No. 1:13-CV-01378-LJO-JLT |
| Plaintiff, | |
| v. | MEMORANDUM ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO EXPUNGE LIS PENDENS |
| CITIMORTGAGE, INC., | |
| Defendant. | |
| | (Doc. 9) |

Before the Court in the above-styled and numbered cause of action is Defendant CitiMortgage, Inc.'s "Motion for an Order Expunging the Notice of Pendency of Action Recorded by Plaintiff Salma H. Khan," filed August 4, 2015 (Doc. 9). Plaintiff did not file an Opposition. The Court deems the matter appropriate for resolution without oral argument. Fed.R.Civ.P. 78; Local Rule 230(g). Having considered the parties' briefing, the record, and the relevant law, the Court will grant in part and deny in part Defendant's motion.

## I.   BACKGROUND

Plaintiff Salma H. Khan ("Plaintiff") commenced this action on July 23, 2013, by filing a Complaint in the California Superior Court for the County of Kern against Defendants CitiMortgage, Inc. ("CitiMortgage") and Wilmington Trust Co. ("Defendants"). *See* Compl., Doc. 1-2. The action arises out of an allegedly wrongful foreclosure proceeding relative to the real property at 11622 Harrington Street, in Bakersfield, within Kern County, California ("the Property"). *See* Compl., Doc. 1-2.  Asserting diversity jurisdiction, Defendants removed to this Court pursuant to 28 U.S.C. §§ 1332(a), 1441(b). Defendants moved to dismiss the Complaint, *see* Doc. 6, and in its September 2013 2015 Order, the Court granted Defendants' unopposed motion, dismissing with prejudice all of Plaintiffs' claims. *See* Doc. 7.

In the instant motion (Doc. 9), filed nearly two years after the Court rendered final judgement in 2013, CitiMortgage moves to expunge the notice of lis pendens that Plaintiff recorded on July 26, 2013 against the Property. *See* Doc. 11, Tom Decl., Ex. 1. Plaintiff does not oppose the motion, and on September 1, 2015, CitiMortgage filed a notice of non-opposition (Doc. 13).

The matter is now ripe for review.

## II.   DISCUSSION

### A.  Motion to Expunge Lis Pendens

Federal courts look to state law when deciding matters involving lis pendens. *See* 28 U.S.C. § 1964. Under California Code of Civil Procedure § 405.20, "[a] party to an action who asserts a real property claim may record a notice of pendency of action, [a lis pendens], in which that real property claim is alleged." The effect of a lis pendens "is that anyone acquiring an interest in the property after the action was filed will be bound by the judgment." *BGJ Assocs., LLC v. Superior Court,* 75 Cal. App. 4th 952, 966 (1999). "Once a lis pendens is filed, it clouds the title and effectively prevents the property's transfer until the litigation is resolved or the lis pendens is expunged." *Id.* at 967.

Under California law, parties at any time in the pendency of the litigation may ask the court in which the action is pending to expunge the notice of lis pendens. Cal.Code Civ. Proc. § 405.30. A court shall order that the notice be expunged if (1) "the court finds that the pleading on which the notice is based does not contain a real property claim"; or (2) "the court finds that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim." *Id.* §§ 405.31-2. "Probable validity" of a claim means that it is more likely than not that a plaintiff will obtain a judgment against the defendant. *Orange County v. Hongkong and Shanghai Banking Corp. Ltd.,* 52 F.3d 821, 824 (9th Cir. 1995) (citing Cal.Code Civ. Proc. § 405.3). It is a plaintiff's burden to establish probable validity. Cal.Code Civ. Proc. § 405.32.

Defendant asks the Court to grant its request to expunge the notice of lis pendens. Plaintiff does not dispute the motion. As such, and based on the Court's prior dismissal of the action in its entirety, she fails to meet her burden to show by a preponderance of the evidence that any claims are "probably viable" for the purposes of the instant motion. *Id.* ("the court shall order that the notice be

2

expunged if the court finds that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim. The court shall not order an undertaking to be given as a condition of expunging the notice if the court finds the claimant has not established the probable validity of the real property claim."); *see also Howard S. Wright Constr. Co. v. Superior Court,* 106 Cal.App.4th 314, 319 (2003) ("A notice of lis pendens may be expunged if the trial court finds that the plaintiff-claimant 'has not established by a preponderance of the evidence the probable validity of the real property claim.'").

Accordingly, the Court concludes that it must grant the motion to expunge. *See* Cal.Code Civ. P. § 405.32.

### B.  Attorneys' Fees

CitiMortgage also moves for attorneys' fees related to the instant motion. Defense counsel filed a declaration indicating that his hourly fee is $250, and that as a result of "having to" file this motion, CitiMortgage incurred $650.00 in attorney's fees based on 2.6 hours researching, drafting and preparing the instant motion and related documents. *See* Doc. 11, Tom Decl. ¶ 7. Counsel also estimated that he would spend an additional 2 hours preparing for and appearing at a hearing on this motion and suggested that additional hours would be necessary to draft a reply. As neither a reply nor a hearing was necessary, the Court disregards any hours expended in those efforts.

California Code of Civil Procedure section 405.38 provides that the prevailing party on a motion to expunge a lis pendens "shall ... be awarded the reasonable attorney's fees and costs of making or opposing the motion unless the court finds that the other party acted with reasonable justification or that other circumstances make the imposition of attorney's fees and costs unjust." Cal.Civ.Proc.Code § 405.38.

Here, Defendant apparently made no effort to contact Plaintiff to request that she voluntarily withdraw the notice. Absent such a showing, the Court finds the motion premature and perhaps unnecessary. For the price of a phone call or a stamp Defendant may have been able to avoid adding to the Court's impacted docket. In addition, Plaintiff has long since lost her home to the foreclosure proceedings and likely has other significant fallout from the financial difficulties. *See O'Connor v. Sabadell United Bank, N.A.,* No. 14-CV-00180-JCS, 2014 WL 3845224, at *2 (N.D. Cal. Aug. 5,

2014); *cf. Bergman v. Bank of Am.,* No. C-13-00741 JCS, 2013 WL 5863057 at * 34 (N.D.Cal. Oct. 23, 2013); *cf. Edwards v. Aurora Loan Services,* LLC, 2011 WL 1668926, at *20 (E.D.Cal. May 2, 2011) ("Plaintiff has faced economic difficulties involving the foreclosure of her real property, and defendant has not convincingly demonstrated that plaintiff acted without substantial justification in this litigation or in recording the lis pendens."). The Court concludes that circumstances render the imposition of attorneys' fees unjust. Cal.Civ.Proc.Code § 405.38.

**III.     CONCLUSION AND ORDER**

For the foregoing reasons, the Court concludes that expunging the lis pendens is appropriate pursuant to California Code of Civil Procedure § 405.31-32, but that awarding attorneys' fees would be unjust under the circumstances, *see id* § 405.38.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's motion to expunge the lis pendens (Doc. 9) is **GRANTED IN PART** and **DENIED IN PART**, as follows:

(1) Plaintiff's lis pendens related to the Property located at 11622 Harrington Street, Bakersfield, in Kern County California, recorded as document number 0213105295 with the office of the Kern County Recorder, is hereby ordered expunged from the public record; and,

(2) To the extent that Defendant CitiMortgage, Inc. moves for attorneys' fees, the motion is **DENIED**, pursuant to Cal.Code Civ. Proc § 405.38.

IT IS SO ORDERED.

Dated:   __September 28, 2015__          ____/s/ Lawrence J. O'Neill____
                                                    UNITED STATES DISTRICT JUDGE